UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Arthur Lee Jones,<br><br>         Plaintiff<br><br>v.<br><br>Southern Nevada Correctional Center, et al.,<br><br>         Defendants | Case No.: 2:22-cv-02021-APG-EJY<br><br>**Order Dismissing and Closing Case** |

Plaintiff Arthur Jones initiated this action on December 5, 2022 by filing an application to proceed *in forma pauperis* but did not file a complaint. *See* ECF No. 1 at 1. On January 23, 2023, Magistrate Judge Youchah ordered Jones to file a complaint by February 23, 2023. ECF No. 4. Judge Youchah warned Jones that the action could be dismissed if he failed to file a complaint by that deadline. *Id.* Before the deadline expired, Jones moved to extend it by 90 days, arguing his time was consumed with preparing for his upcoming parole. ECF No. 5. Judge Youchah granted the motion in part, extending the deadline to March 27, 2023. ECF No. 6. That deadline expired and Jones did not file an amended complaint, move for an additional extension, or otherwise respond.

I.      Discussion

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S.*

*Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, I must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

        The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of Jones's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors favoring dismissal.

        The fifth factor requires me to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Jones files a complaint, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the court's finite resources. The circumstances here do not indicate that this case will be an exception because there has been no showing that

Jones needs additional time or evidence that he did not receive the magistrate judge's February 10, 2023, order. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II.     Conclusion

These factors weigh in favor of dismissal. I therefore order that this action is dismissed without prejudice based on Jones's failure to file a complaint in compliance with the magistrate judge's January 23 and February 10, 2023 orders. The Clerk of Court is directed close this case. No other documents may be filed in this now-closed case. If plaintiff Arthur Jones wishes to pursue his claims, he must file a complaint in a new case.

I further order that the application to proceed *in forma pauperis* (ECF No. 1) is denied as moot.

Dated: April 13, 2023

_____
U.S. District Judge